UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE: SHERI SPEER  :  CASE NO. 3:15-cv-1571 (RNC)

ORDER

Sheri Speer, a debtor in bankruptcy, appeals from an order of the Bankruptcy Court (Hon. Ann M. Nevins, J.) denying her motion for an order requiring the Chapter 7 Trustee, Thomas C. Boscarino, to show cause why he should not be removed from his position. Ms. Speer, a residential landlord with dozens of properties, has long been embroiled in disputes with her primary source of financing, Seaport Capital Partners, LLC ("Seaport"). For reasons that follow, the order is affirmed.[1]

Under 11 U.S.C. § 324(a), a trustee may be removed "for cause." Id. "What constitutes 'cause' for removal is not defined by the Bankruptcy Code but is instead left for the courts to determine on a case-by-case basis." 2 Hon. William L. Norton Jr. & William L. Norton III, Norton Bankr. Law & Prac. § 28:13 (3d ed. 2008). In determining whether cause for removal exists

---

[1] The notice of appeal refers to the Bankruptcy Court's ruling denying a motion to strike memoranda that were filed by Mr. Boscarino and the United States Trustee in opposition to the motion for an order to show cause. However, Ms. Speer's briefs are silent with regard to any issue in that ruling so her appeal from that ruling is deemed abandoned. See LoSacco v. City of Middletown, 71 F.3d 88, 92-93 (2d Cir. 1995) (explaining that when a litigant does not raise an issue in his appellate brief, he abandons that issue, even if he is pro se).

in a given case, courts consider the need to protect the best interests of the estate and the effectiveness and good reputation of the court and the bankruptcy system. Id. A party that seeks removal of a trustee must make a strong factual showing because removal is deleterious to the continuity of administration of the estate. Surabian v. Picard, No. 13 Civ. 935(JGK), 2014 WL 917091, at *2 (S.D.N.Y. Mar. 7, 2014). A Bankruptcy Court's decision on a motion to remove a trustee is reviewed for abuse of discretion. In re Ampal-Am. Isr. Corp., 691 F. App'x 12, 16 (2d Cir. 2017); In re Haworth, 356 F. App'x 529, 530 (2d Cir. 2009).

In her motion, Ms. Speer argued that Mr. Boscarino should be removed because he was not "disinterested" as defined by the Code.[2] She claimed to have discovered that Mr. Boscarino had a relationship with Patrick W. Boatman, the lawyer representing her largest creditor, Seaport. She stated that the two had been

---

[2] Under the Code, a "disinterested person" is defined as one who "does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason." 11 U.S.C. § 101(14)(C). The Code does not define the phrase "interest materially adverse to the interest of the estate." Under case law, a person has "an interest materially adverse to the interest of the estate" if he or she has (1) an economic interest that would tend to lessen the value of the bankruptcy estate or create an actual or potential dispute in which the estate would be a rival claimant; or (2) a predisposition under circumstances that create a bias against the estate. In re AroChem Corp., 176 F.3d 610, 622-23 (2d Cir. 1999).

2

partners in law practice under the firm name Boatman, Boscarino, Grasso & Twachtman, the predecessor to Mr. Boscarino's current firm, Boscarino, Grasso & Twachtman.[3]

Both Mr. Boscarino and the U.S. Trustee filed responses to the motion. In his response, Mr. Boscarino stated:

> The Trustee's business and partnership relationship with Attorney Patrick W. Boatman terminated on or about September 30, 2004, and there has been no ongoing personal or business relationship between the Trustee and Attorney Boatman since September 30, 2004, other than the typical and normal business and/or social relationships that may exist or develop between a Trustee and any other attorneys in the Greater Hartford Area practicing bankruptcy law before the Bankruptcy Courts seated in the States of Connecticut.

The U.S. Trustee's response stated that Ms. Speer had failed to "explain how Trustee Boscarino's business relationship with Attorney Boatman over a decade ago is materially adverse to the estate or how it affects [his] ability to perform fiduciary duties."

The Bankruptcy Court scheduled a hearing on the motion for August 27, 2015. The day before the hearing was scheduled to take place, Ms. Speer filed a motion asking the Court to rule on the basis of the written record without requiring her to appear at the hearing. The next day, Ms. Speer filed a motion to strike the responses filed by Mr. Boscarino and the U.S. Trustee.

---

[3] Mr. Boatman's current office address is The Law Offices of Patrick W. Boatman, LLC.

On October 9, 2015, the Court issued a written ruling denying the motion for an order to show cause and denying the motion to strike. Acting on the basis of the written record, as Ms. Speer had requested, the Court ruled that Ms. Speer had failed to sustain her burden of presenting facts showing a conflict of interest, actual injury or fraud. Mr. Boscarino's former partnership with Mr. Boatman did not support his removal as trustee because eleven years had passed since the two were partners. The Court also observed that the Code's statutory pay structure provided Mr. Boscarino with an incentive to maximize the value of the estate and there was no reason to think he would do something against his interest and the interest of the estate merely to benefit Attorney Boatman or his client. Order Denying Motion for Order to Show Cause 58 (ECF No. 12-1).

Ms. Speer contends that the Court erred in failing to make a specific finding on whether Mr. Boscarino is disinterested within the meaning of the Code. In cases involving alleged conflicts of interest, some bankruptcy courts have removed trustees who were not disinterested without a showing of actual injury to the estate. See In re BH & P Inc., 949 F.2d 1300, 1309-10 (3d Cir. 1991) (citing In re Paolino, 80 B.R. 341, 345 (Bankr. E.D. Pa. 1987); In re Micro-Time Mgmt. Sys., 102 B.R. 602, 605 (Bankr. E.D. Mich. 1989); and In re O.P.M. Leasing Servs., Inc., 16 B.R. 932, 937 (Bankr. S.D.N.Y. 1982)). However, most cases that

4

address trustee disqualification for cause based on a conflict of interest consider whether the alleged conflict has caused or is likely to cause actual injury to the estate. See In re BH & P Inc., 949 F.2d at 1311. The Second Circuit is regarded as the leading proponent of the majority view that before a trustee may be removed for an alleged conflict of interest "something beyond a finding of lack of disinterest is required." Id. (citing In re Freeport Italian Bakery, Inc., 340 F.2d 50, 54 (2d Cir. 1965) ("[G]rounds for disapproval or removal of a trustee in bankruptcy are not to be found in his formal relationships. 'We have traditionally stressed the elements of fraud and actual injury to the debtors' interests.'"); accord In re Ampal-Am. Isr. Corp., 691 F. App'x 12, 16 (2d Cir. 2017); In re Fletcher Int'l, Ltd., 661 F. App'x 124, 126 (2d Cir. 2016).[4] Under the Second Circuit's approach to trustee disqualification, the absence of any actual injury to the estate made it unnecessary for the Bankruptcy Court to make an explicit finding that Mr. Boscarino was disinterested.

Even assuming lack of disinterest can provide sufficient cause for removal of a trustee in the Second Circuit, the order can be affirmed because the Bankruptcy Court seems to have found

---

[4] Other Circuits have adopted a "middle ground" approach, which relies on the Bankruptcy Judge to determine whether, in light of all the facts and circumstances, there is "a sufficient threat of material adversity" to warrant removal. See BH & P, 949 F.2d at 1312.

5

that Mr. Boscarino was disinterested. The crux of Ms. Speer's motion was her argument that Mr. Boscarino was not disinterested (ECF No. 691 at 4). The responses to the motion focused on whether Mr. Boscarino had an interest materially adverse to the interest of the estate as a result of his former partnership with Mr. Boatman, and the Court's memorandum of decision notes that cause for removal exists when a trustee is not disinterested (ECF No. 807 at 4). In denying Ms. Speer's motion, the Court gave no indication that it was refusing to remove Mr. Boscarino even though he had an interest materially adverse to the interest of the estate. To the contrary, the Court implicitly found that he had no such interest.

Ms. Speer argues that the Code's definition of a "disinterested person" is sufficiently broad to include the relationship between Mr. Boscarino and Mr. Boatman as a matter of law. She appears to rely on the "catch-all" provision of 11 U.S.C. § 101(14)(C), which has been construed "to exclude a trustee with some interest or relationship that 'would even faintly color the independence and impartial attitude required by the Code.'" In re AFI Holding, Inc., 530 F.3d 832, 845-46 (9th Cir. 2008) (quoting In re Crivello, 134 F.3d 831, 835 (7th Cir. 1998)). As discussed above, it is by no means clear that the Second Circuit would require removal of a trustee for cause based on alleged conflict of interest when the circumstances do not

implicate fraud or actual injury to the estate. In any event, the Bankruptcy Court did not abuse its discretion in denying Ms. Speer's motion. Mr. Boscarino's former partnership with Mr. Boatman was not sufficiently recent to create an interest materially adverse to the interest of the estate or even the appearance of such an interest. Cf. In re Affidavit of Bias, 947 P.2d 1152, 1154, 1156 (Utah 1997) (holding that a judge's former partnership in a law firm representing a defendant did not support an inference of bias because thirteen years had passed since the judge had left the firm).[5]

Ms. Speer also argues that cause existed to remove Mr. Boscarino from his position because he was seeking to sell her real estate holdings and litigation rights to Seaport for "fire sale prices" and was neglecting to maintain certain real properties after notifying her that he planned to abandon them, which he had not yet done. On the written record presented to the Bankruptcy Court, the Court had no basis for making a finding that Mr. Boscarino was failing to fulfill his duties as alleged by Ms. Speer. Moreover, Ms. Speer's unsupported allegations did

---

[5] Ms. Speer seems to suggest that Mr. Boscarino's removal was justified because he had failed to disclose his former partnership with Mr. Boatman. A trustee is obligated to disclose relevant, current conflicts. Applying this standard, Mr. Boscarino had no obligation to disclose his former partnership with Mr. Boatman.

7

not require the Court to go beyond the record and hold an evidentiary hearing.[6]

In sum, the Bankruptcy Court did not abuse its discretion in denying the motion for an order to show cause, and its decision must therefore be affirmed. The Clerk is directed to close this appeal.

So ordered this 30th day of January, 2018.

                                            /s/ RNC
                                          Robert N. Chatigny
                                          United States District Judge

---

[6] Ms. Speer has requested a remand for an evidentiary hearing. Her request is based in part on arguments and materials never presented to the Bankruptcy Court, which cannot be considered here except to avoid manifest injustice. See In re Campbell, 539 B.R. 66, 72 (S.D.N.Y. 2015) ("Any arguments not raised in the bankruptcy court are considered waived; unless such a waiver results in manifest injustice, the new arguments will not be considered on appeal."); In re Davis, 169 B.R. 285, 293 (E.D.N.Y. 1994) ("[O]n appeal from an order of the bankruptcy court, the district court should not consider any evidence not before the bankruptcy court at the original hearing."). I do not think the manifest injustice standard is met. On the basis of the materials submitted to the Bankruptcy Court, there is no need for a remand for an evidentiary hearing.